UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID R. HAWKINSON,

                Plaintiff,

v.                                     Case No. 23-cv-1407-pp

DEPARTMENT OF CORRECTIONS, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 3) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff David R. Hawkinson, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1. The order also denies the plaintiff's motion for preliminary injunction, dkt. no. 3.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. <u>See</u> 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On October 30, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $16.61. Dkt. No. 8. The court received $20.00 from the plaintiff on November 28, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

2

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff has sued the Wisconsin Department of Corrections, the State of Wisconsin, the United States of America, Lieutenant John Lannoye, Sergeant Tristan Retzlaff, Sergeant Scott Pagel, Alan DeGroot, Hannah Utter, Christopher Stevens and John/Jane Does. Dkt. No. 1 at 1.

The plaintiff alleges that beginning in 2021, he tried to get proper-fitting state shoes. Id. at ¶22. He states that initially he had personal shoes that were

3

the correct size (size 9.5 4E wide) but that he was forced to wear state footwear size 9.5 2E wide to several court dates and medical appointments. Id. at ¶23. He states that on his last trip to court, he switched to size 10 2E and 10 D "(yes, 2 different sizes)" because he could not force himself to wear the 9.5 2E for one more step. Id. The plaintiff alleges that the larger shoes did not pinch his nerves as much, but they caused ankle problems, blisters and cuts. Id.

The plaintiff alleges that defendant Retzlaff failed to issue the proper size footwear and forced him into a boot that is too small and binds his feet. Id. at ¶26. He states that on July 1, 2023, he wrote to defendant Lannoye about the situation, waited a few days and then filed a grievance (GBCI-2023-10576). Id. at ¶28. After the plaintiff filed the grievance, Lannoye allegedly answered the plaintiff's interview request, "forwarded to Sgt." Id. The plaintiff states that his personal shoes are threadbare, he cannot afford a new pair and he is required to wear footwear that damages and hurts his feet. Id. at ¶29.

The plaintiff alleges that defendants Retzlaff, Lannoye, Pagel, Stevens, DeGroot and Utter have participated in a civil conspiracy to deprive him of his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment. Id. at ¶30.

The plaintiff alleges that defendant Pagel was the laundry sergeant for years, and the plaintiff believes that the complaint examiner and defendant Lannoye asked Pagel to speak with the plaintiff about his footwear. Id. at ¶31. The plaintiff allegedly showed Pagel an old complaint (OSCI-2020-1964) and Pagel said he was just going to tell them to give him the footwear. Id. The

4

plaintiff states that after he received the response from DeGroot, he saw Pagel again and asked Pagel what happened; Pagel said the HSU said no, right? Id. at ¶32. The plaintiff allegedly said that he showed Pagel the complaint. Id. Pagel allegedly responded, "I know," "What is the next step?" Id.

The plaintiff states that he has suffered nerve damage in his big toes from having to wear improper fitting footwear; he says that he has had blisters, cuts and swollen ankles and his little toes are twisted on both feet. Id. at ¶33. The plaintiff allegedly has other medical issues and improper fitting shoes have caused more pain in his back and neck. Id. at ¶34.

The plaintiff alleges that his third attempt to correct the problem began on July 27, 2023. Id. at ¶35. Defendant DeGroot allegedly rejected a grievance the plaintiff filed stating that he had filed it too late. Id. The plaintiff alleges that DeGroot retaliated against the plaintiff in rejecting GBCI-2023-10576 "because he is a defendant in Case Number 23-cv-634." Id. at ¶36. The plaintiff states that as of September 27, 2023, the issue still exists so the time limits have not expired. Id. at ¶37.

The plaintiff alleges that defendants Lannoye and Stevens failed to train their subordinates and failed to instruct them to issue the proper fitting footwear. Id. at ¶¶38-39. He also alleges that Lannoye and Stevens failed to issue the appropriate footwear to the plaintiff. Id.

The plaintiff alleges that defendant Utter retaliated against him when she dismissed GBCI-2023-10576. Id. at ¶41. He states that as a reviewing authority, Utter should have known that the time limits were not expired while

a violation is being committed. Id. Utter allegedly is a defendant in Case Number 23-cv-634. Id. at ¶42. Utter allegedly knew that DeGroot had a conflict of interest and allowed him to carry out his retaliation; the plaintiff alleges that this is a "Civil Conspiracy." Id. at ¶43. The plaintiff states that Utter helped DeGroot retaliate, causing the plaintiff pain and suffering by the binding of the plaintiff's feet in hard leather footwear, and that she had a duty to stop the torture. Id. at ¶44. Utter allegedly agreed with DeGroot that the issue was outside of time limits even when she was provided evidence that it was inside the time limits and that time limits do not expire while a violation is still being committed. Id. at ¶45.

For relief, the plaintiff seeks a preliminary injunction to receive meaningful medical care that will stop or slow down damage and relieve pain. Id. at ¶46. He also seeks compensatory and punitive damages as well as injunctive relief. Id. at ¶¶47-53.

  C. Analysis

Before turning to the substance of the plaintiff's allegations, the court will dismiss certain defendants against whom the law does not allow the plaintiff to proceed. In the section of the complaint where the plaintiff lists the defendants, he asks that each individual defendant be added as a John or Jane Doe defendant, and that each individual defendant's employer be added as a John or Jane Doe defendant. Id. at ¶¶1-6. For example, the plaintiff asks that "Lt. John Lannoye be added as Defendant John/Jane Doe #1 and her Employer be added as defendant John/Jane Doe #2 until which time sufficient

information is known to satisfy the court and this plaintiff for this litigation." Id. at ¶1. The plaintiff does not need to sue Doe defendants in addition to the individual defendants because he knows the names of the individual defendants, and he may not sue the employer(s) of the individual defendants just because the individual defendant works for that employer. See Hildebrandt v. Ill. Dep't of Nat. Res., 34 F.3d 1014, 1039 (7th Cir. 2003). The court will dismiss John/Jane Doe.

The plaintiff has sued the Department of Corrections, the State of Wisconsin and the United States of America. The plaintiff may not proceed against these defendants because they are not persons subject to suit under §1983. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." Johnson v. Supreme Ct. of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." Andreola v. Wisconsin, 171 F. App'x 514, 515 (7th Cir. 2006); see also Mayhugh v. State, 364 Wis. 2d 208, 224 (Wis. 2015) (state entitled to sovereign immunity and immune from suit); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66-67 (1989). The United States is not a "person" subject to suit under §1983. Futrell v. United States, Case No. 14-cv-2089, 2016 WL 3181998, at *5 (S.D. Ind. 2016) (citing Accardi v. United States, 435 F.2d 1239, 1241 (3d Cir. 1970)). Sovereign immunity also bars any claim against the United States of America. See Study v. United States, 782 F. Supp. 1293, 1298 (S.D. Ind. 1991). Under 42 U.S.C. §1983, a plaintiff can bring claims only against persons acting under color of state law, such as state

7

officials; the statute does not apply to claims against the United States. See 42 U.S.C. §1983; London v. RBS Citizens, N.A., 600 F.3d 742, 745-46 (7th Cir. 2010). The court will dismiss the Department of Corrections, the State of Wisconsin and the United States.

To plead an Eighth Amendment claim, the plaintiff needs only allege that prison officials deliberately ignored conditions of confinement that failed to meet contemporary requirements of minimal decency. Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir.2008); Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir.2001). The Eighth Amendment protects incarcerated individuals from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991).

The plaintiff alleges that he has been forced to wear shoes that do not fit him and that this has injured his feet. He may proceed on an Eighth Amendment claim against defendants Retzlaff and Lannoye in their individual capacities because he alleges that they prevented him from obtaining shoes that fit properly.

The plaintiff has not stated a claim against defendant Pagel. He alleges that Pagel tried to help him get shoes that fit correctly, not that he prevented

8

the plaintiff from getting proper-fitting footwear. The plaintiff has not alleged facts to support an inference that Pagel acted with deliberate indifference to his plight.

The plaintiff has not stated a claim against defendant Stevens based on failure to issue him appropriate footwear because his allegations against Stevens are conclusory. See Iqbal, 556 U.S. at 678. Likewise, the plaintiff has not stated a claim against defendants Lannoye and Stevens based on their alleged failure to train their subordinates to issue him the appropriate footwear. See Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009) (Section 1983 does not establish a system of vicarious responsibility).

The plaintiff alleges that defendants DeGroot and Utter retaliated against him because DeGroot rejected his offender complaint and Utter dismissed an offender complaint. To plead a retaliation claim, the plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)). The plaintiff states that the defendants' actions were motivated by being named as defendants in another case he has. But the plaintiff's allegations regarding their motivation are speculative; he has not alleged why he thinks they had a retaliatory motive. The plaintiff has not pled facts to allow the court to draw the reasonable inference that DeGroot and Utter retaliated

9

against him. See Dorsey v. Williams, Case No. 21-1858, 2022 WL 337192, at *1 (7th Cir. Feb. 4, 2022) (nonprecedential) (citing Bridges, 557 F.3d at 546); see also Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

The plaintiff has not alleged a conspiracy against defendants Lannoye, Retzlaff, Page, DeGroot, Utter and Stevens based on his allegation that they participated in a civil conspiracy to deprive him of his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment. The plaintiff's conspiracy allegation is conclusory; a "bare allegation" of a conspiracy does not state a claim. See, *e.g.*, Cooney v. Rossiter, 583 F.3d 967, 970-71 (7th Cir. 2009). The plaintiff has not stated a claim that the defendants conspired to violate his constitutional rights. See Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 860 (7th Cir. 1999); Alarm Detection Sys., Inc. v. Village of Schaumburg, 930 F.3d 812, 827 (7th Cir. 2019).

In summary, the plaintiff may proceed on Eighth Amendment claim against defendants Retzlaff and Lannoye based on allegations that they failed to obtain proper-fitting footwear for the plaintiff, resulting in injury. The court will dismiss the remaining defendants.

III.   **Motion for Preliminary Injunction (Dkt. No. 3)**

The plaintiff has filed a motion for preliminary injunction in which he asks "to ensure that he receives proper fitting footwear, and meaningful medical care for his feet." Dkt. No. 3 at ¶52. The plaintiff states that he has alleged that he has been denied proper fitting footwear and that he is

10

Case 2:23-cv-01407-PP   Filed 04/10/24   Page 10 of 15   Document 14

threatened with irreparable harm because of the nature of the injury. Id. at ¶¶55-56.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). The purpose of such an "injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." Fahenm-El v. Klincar, 841 F.2d 712, 717 (7th Cir. 1988). To obtain a preliminary injunction, the plaintiff has the burden of establishing that (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health, 699 F.3d 962, 972 (7th Cir. 2012), citing Am. Civil Liberties Union of Ill. v. Alvarez, 679 F.3d 583, 589-90 (7th Cir. 2012).

The scope of the court's authority to issue an injunction is circumscribed by the PLRA. Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); see also Westefer, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary

authority over the institutions they manage") (internal quotation marks and citation omitted).

The plaintiff has not demonstrated that a preliminary injunction necessary. The plaintiff has alleged that footwear he was required to wear for several court dates and medical appointments injured his feet and that he does not currently have state-issued, proper fitting footwear. But the plaintiff has not alleged that he currently is required to wear the ill-fitting, state-issued footwear or, if he is, how often he is required to wear it. The court cannot tell from the complaint whether the plaintiff is required to wear the state-issued shoes/boots only when he leaves the institution, or if he also is required to wear them at other times. The plaintiff has not demonstrated that he is likely to suffer irreparable harm without the injunction.

The plaintiff also asks the court to order that he receive "meaningful medical care for his feet." Dkt. No. 3 at ¶52. But the plaintiff has not alleged, nor is he proceeding on, a claim based on the denial of medical care. "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (citing Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)). See also, Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015) (quoting Devose). The plaintiff has not demonstrated that preliminary injunctive relief is warranted.

12

### IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that defendants Department of Corrections, State of Wisconsin, United States of America, Sgt. Scott Pagel, Alan DeGroot, Hannah Utter, Christopher Stevens and John/Jane Does are **DISMISSED**.

The court **DENIES** the plaintiff's motion for preliminary injunction. Dkt. No. 3.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Tristan Retzlaff and Lt. John Lannoye. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$330** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Green Bay Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 10th day of April, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**