UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID R. HAWKINSON,

   Plaintiff,

  v.              Case No. 23-cv-1407-scd

JOHN LANNOYE, et al.,

   Defendants.

## DECISION AND ORDER

  Plaintiff David R. Hawkinson is representing himself in this 42 U.S.C. § 1983 case. On April 10, 2024, the Court screened the complaint and allowed Hawkinson to proceed on an Eighth Amendment claim based on allegations that Defendants failed to obtain proper-fitting footwear for him, resulting in injury. *See* Dkt. No. 14 at 10. On May 15, 2024, with the parties' consent, the case was reassigned to the undersigned. Defendants filed their answer to the complaint on June 7, 2024. Dkt. No. 19. Defendants submitted a "general denial," explaining that they did "not have access to Plaintiff's medical records at the time of [the] Answer." *Id.* at 2. They further denied "that any of Plaintiff's rights have been violated . . . ," and they denied that "Plaintiff is entitled to any relief he seeks." *Id.* On June 24, 2024, Hawkinson filed a motion to strike the answer and a motion for entry of default judgment. Dkt. No. 21. The Court will deny the motions.

  In support of his motions, Hawkinson explains that he submitted an "authorization for use and disclosure of protected health information (PHI)" form allowing Assistant Attorney General Bradley Soldon to access his medical records from 2008 through 2024 for purposes of litigating this case. *See* Dkt. No. 21-1 at 1. Health Services Unit staff acknowledged Hawkinson's

submission and informed him on February 12, 2024, that the form granting permission to Soldon to access his medical records had been scanned into his file. *Id.* at 2. Hawkinson asserts that, given that he already gave Soldon permission to access his medical records, the basis for Defendants' general denial—that they did not have access to Hawkinson's medical records at the time of the answer—is a lie and therefore the answer should be stricken. But Hawkinson assumes too much. The mere fact that Hawkinson filed a form granting *permission* to Soldon to access his medical records, does not mean that Soldon actually requested and/or received Hawkinson's records from the Department of Corrections.

In fact, it is not even clear that Soldon knew Hawkinson had granted him access to his records for purposes of litigating this case. Soldon filed a notice of appearance in this case on May 8, 2024, nearly three months *after* health services informed Hawkinson that the authorization form would be scanned into his file. Hawkinson does not explain why he granted access to Soldon months before Soldon had even appeared as Defendants' counsel. In any event, in addition to the general denial based on their lack of access to Hawkinson's records, Defendants also deny that any of Hawkinson's rights have been violated and that he is entitled to any relief. Defendants' answer is therefore sufficient under Fed. R. Civ. P. 8(b), so the Court will deny Hawkinson's motion to strike the answer. Given that Defendants timely answered the complaint, the Court will also deny Hawkinson's motion for entry of default judgment.

On June 10, 2024, the Court entered a scheduling order setting a discovery deadline of November 12, 2024, and a dispositive motion deadline of December 12, 2024. The Court encourages Hawkinson to focus his efforts on gathering the information he believes he needs to prove his claim. The parties should work together in good faith so that discovery proceeds smoothly. Unnecessary motion practice will only delay resolution of this action.

**IT IS THEREFORE ORDERED** that Hawkinson's motion to strike and motion for default judgment (Dkt. No. 21) are **DENIED**.

Dated at Milwaukee, Wisconsin on July 17, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge