UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID R. HAWKINSON,

        Plaintiff,

        v.                                                         Case No. 23-cv-1407-scd

JOHN LANNOYE et al.,

        Defendants.

---

### DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

        Plaintiff David Hawkinson, who is incarcerated at Oshkosh Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. He is proceeding on Eighth Amendment claims based on allegations that Defendants were deliberately indifferent to his foot pain when they refused to provide him with shoes that fit properly. On January 27, 2025, Hawkinson filed a motion for summary judgment; he filed an amended motion the next day to include additional information. On February 26, 2025, Defendants filed a cross-motion for summary judgment. For the reasons explained below, the Court will deny Hawkinson's motions, grant Defendants' motion, and dismiss this case.

### BACKGROUND

        Hawkinson was incarcerated at Green Bay Correctional Institution at the relevant time. He had transferred there from Oshkosh Correctional Institution on July 14, 2021. About a month after transferring, Hawkinson was issued a pair of boots, size 9.5 EE. Nearly two years after receiving the boots, on July 1, 2023, Hawkinson sent an information request to Defendant John Lannoye, who was temporarily working as the bathhouse/laundry supervisor. Hawkinson wanted wider

boots. Lannoye, who had never been directly involved in issuing boots and did not know the process for ordering boots, informed Hawkinson that he would contact the bathhouse sergeant. A few weeks later, Lannoye emailed Defendant Tristan Retzlaff, who had been assigned as the bathhouse/laundry sergeant since mid-2023. Lannoye asked Retzlaff to follow up with Hawkinson about his complaint that his boots did not fit. Lannoye also directed former bathhouse/laundry sergeant Scott Pagel (who is not a Defendant) to talk to Hawkinson. Pagel later informed Lannoye that he had taken care of Hawkinson's concerns, although Hawkinson disputes that his concerns were addressed. Dkt. Nos. 36 and 45 at ¶¶1-8, 14, 30-40.

When Retzlaff contacted Hawkinson, Hawkinson stated that, while he was housed at Oshkosh Correctional, he was instructed to order different sized boots through the property department. Retzlaff informed Hawkinson that the procedure at Green Bay Correctional is different. He explained that the institution does not regularly stock the shoe size requested by Hawkinson, so Hawkinson would need to request a medical restriction through health services. If appropriate, health services would special order the size Hawkinson needed. Retzlaff asserts that he does not have authority to special order sizes that are not regularly stocked, and the width that Hawkinson requested was not regularly stocked. According to Retzlaff, he explained this process to Hawkinson more than once. Dkt. Nos. 36 and 45 at ¶¶18-24, 41-49.

On September 28, 2023, about two months after first talking to Retzlaff, Hawkinson finally submitted a health services request complaining of foot pain. He was seen by a nurse less than a week later, who scheduled Hawkinson for a follow-up appointment with an advanced provider. A few weeks later, on October 9, 2023, Hawkinson was seen by a doctor, who referred Hawkinson to an offsite specialist for orthotics and a shoe recommendation. Hawkinson was seen by the specialist two weeks later, and the specialist recommended shoes with a stretchable upper toe bed

2

in a size 9.5 extra wide.  The doctor placed an order for the recommended shoes a couple of days later, and Hawkinson received the orthotics and shoes the next month.  Dkt. Nos. 36 and 45 at ¶¶50-70.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  All reasonable inferences are construed in favor of the nonmoving party.  *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).  The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial."  *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted).  "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts."  *Id*.  Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Hawkinson asserts that Lannoye and Retzlaff violated his rights under the Eighth Amendment when they refused to order him shoes that fit and instead made him get his shoes through health services.  But as the Seventh Circuit explained long ago, "[p]ublic officials do not have a free-floating obligation to put things to rights, disregarding rules . . . along the way.

Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Shortly after learning of Hawkinson's complaints, Lannoye, who did not know how to address Hawkinson's concerns, asked the current and former bathhouse/laundry sergeants to talk to Hawkinson. It is not clear what advice the former sergeant offered, but Retzlaff informed Hawkinson of what he had to do if he wanted wider shoes. Hawkinson is frustrated by what he clearly thinks is an inefficient and unnecessarily cumbersome policy, but Hawkinson's frustration does not give rise to a constitutional claim. Neither Lannoye nor Retzlaff ignored Hawkinson; they simply did their jobs. In fact, Hawkinson received the level of attention that most non-incarcerated citizens would receive. The defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Hawkinson's motion for summary judgment (Dkt. No. 24) and his amended motion for summary judgment (Dkt. No. 29) are **DENIED** and Defendants' motion for summary judgment (Dkt. No. 34) is **GRANTED**. This action is therefore **DISMISSED**, and the clerk of court is directed to enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 17th day of June, 2025.

STEPHEN C. DRIES
United States Magistrate Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.