UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID R. HAWKINSON,

    Plaintiff,

    v.                 Case No. 23-cv-1407-scd

JOHN LANNOYE,

    Defendants.

---

**DECISION AND ORDER**

---

  Plaintiff David Hawkinson is representing himself in this 42 U.S.C. §1983 case. On June 17, 2025, the Court granted Defendants' motion for summary judgment and dismissed this case. Dkt. No. 56. On July 14, 2025, Hawkinson filed a motion for reconsideration. Dkt. No. 58. Two days later, he filed a notice of appeal. Dkt. No. 59. The Court will deny the motion for reconsideration. *See* Fed. R. Civ. P. 62.1(a)(2).

  Under Rule 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). A manifest error of law "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Hawkinson rehashes his arguments as to why he believes the facts prove he is entitled to relief, but it is well settled that a party's disagreement with the Court's analysis is not a sufficient basis for granting a Rule 59(e) motion. Accordingly, his motion for reconsideration must be denied.

**IT IS THEREFORE ORDERED** that Hawkinson's motion for reconsideration (Dkt. No. 58) is **DENIED**.

Dated at Milwaukee, Wisconsin this 30th day of July, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge